**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CYTEK BIOSCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-1342-CFC |
| | ) | |
| BECKMAN COULTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO STAY THE CASE AND EXTEND DEADLINE TO RESPOND TO THE AMENDED COMPLAINT**

Pursuant to 28 U.S.C. § 1659(a), Defendant Beckman Coulter, Inc. ("Beckman Coulter") respectfully moves for an order to stay this action until a parallel proceeding before the United States International Trade Commission ("Commission") becomes final, including all appeals.

On October 8, 2026, Plaintiff Cytek Biosciences, Inc. ("Cytek") brought suit against Beckman Coulter at the Commission, asserting U.S. Patent Nos. 12,754,128 ("the '128 patent"); 12,487,167 ("the '167 patent"); and 10,739,245 ("the '245 patent") (collectively, "the ITC Patents"). The Commission Proceeding is titled: *In the Matter of Certain Spectral Flow Cytometry Systems and Components Thereof*, Inv. No. 337-TA-1528. *See* Ex. A, Notice of Institution of Investigation (Nov. 12, 2026).

On October 16, 2026, Cytek filed a Complaint (D.I. 1) against Beckman Coulter in this Court, asserting claims for infringement of the ITC Patents and U.S. Patent No. 11,913,868 ("the '868 patent" and together with the ITC Patents, the "Asserted Patents"). On November 9, 2026, Cytek filed an Amended Complaint (D.I. 13) in which it continued to allege infringement of the Asserted Patents and added claims for breach of contract and unjust enrichment.

Pursuant to 28 U.S.C. § 1659(a), the claims against Beckman Coulter relating to the ITC Patents are subject to a mandatory stay because: (i) Beckman Coulter, the defendant in this action, is a named respondent in Commission Investigation No. 337-TA-1528; (ii) like the Commission investigation, this action also involves allegations of infringement of the ITC Patents; and (iii) this request for stay is timely filed.[1] Accordingly, pursuant to Section 1659, "the district court shall stay" this action with respect to the claims involving the ITC Patents "until the determination of the Commission becomes final." 28 U.S.C. § 1659(a).

The remaining claims should also be stayed. "Whether or not to stay a litigation is a matter left to the Court's discretion." *UCB, Inc. v. Hetero USA Inc.*,

[1] Pursuant to 28 U.S.C. § 1659, the request for a mandatory stay must be made by the later of 30 days after Beckman Coulter was named as respondent in the proceeding before the Commission or 30 days after the District Court action was filed. Here, Beckman Coulter was named as a respondent in the proceeding before the Commission on November 12, 2026, when the Notice of Institution of Investigation issued. Accordingly, the deadline to request a stay pursuant to Section 1659 is December 14, 2026. 28 U.S.C. § 1659; 19 C.F.R. § 210.3.

277 F. Supp. 3d 687, 690 (D. Del. 2017). Courts in this District generally analyze three factors to determine whether a stay is appropriate: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* All three factors are met here. ***First***, the remaining claims involve the same technology as the ITC Patents, and the same Beckman Coulter products are at issue for all remaining claims. Accordingly, resolution of the Commission Proceeding may narrow or eliminate issues in this case. ***Second***, this case is in the very early stages with the case having just been filed and Beckman Coulter's response to the operative complaint not yet due. ***Third***, Cytek does not oppose the stay motion with respect to the '868 patent or the other pending claims and does not contend that it will suffer any undue prejudice or tactical disadvantage from a stay.

Beckman Coulter also moves for an extension of time to move, answer, or otherwise to respond to the Amended Complaint to 30 days after the stay is lifted. Cytek does not oppose this request.

For the foregoing reasons, Beckman Coulter respectfully requests the Court stay this action in full and extend the deadline to move, answer, or otherwise respond to the Amended Complaint to 30 days after the stay is lifted.

*/s/ Frederick L. Cottrell III*
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Defendant*
*Beckman Coulter, Inc.*